# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW DONLEY APSIT, | 1: 04 -CV- 6323 AWI SMS HC |
| Petitioner, | ORDER DENYING APPLICATION FOR CERTIFICATE OF APPEALABILITY |
| v. | (Document #24) |
| K. PROSPER, Warden, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On March 14, 2007, the court adopted the Magistrate Judge's Findings and Recommendations and, denied Petitioner's petition for writ of habeas corpus, and entered judgment was entered in favor of Respondent.   On March 22, 2007, Petitioner filed an application for a certificate of appealability.

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).  The controlling statute is 28 U.S.C. § 2253, which provides as follows:

  (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
  (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
  (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
   (A) the final order in a habeas corpus proceeding in which the detention complained of

```
    arises out of process issued by a State court;  or
     (B) the final order in a proceeding under section 2255.
    (2) A certificate of appealability may issue under paragraph (1) only if the applicant has
    made a substantial showing of the denial of a constitutional right.
    (3) The certificate of appealability under paragraph (1) shall indicate which specific issue
    or issues satisfy the showing required by paragraph (2).
```

If the court denies a Petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327;  Slack v. McDaniel, 529 U.S. 473, 484 (2000). While Petitioner, is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 337-38.

In this case, the court finds that jurists of reason would not disagree with the court's finding that there was no Miranda violation and the state courts had given Plaintiff any hearing on this issue that was necessary.   The court also finds that jurists of reason would not debate the court's finding that there was no instructional error.

Accordingly, the court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right.  Accordingly, the court DENIES Plaintiff's request for a certificate of appealability.

IT IS SO ORDERED.

**Dated:**   **April 4, 2007**                          **/s/ Anthony W. Ishii**
0m8i78                                          UNITED STATES DISTRICT JUDGE